**Amrik S. MELHI, Petitioner,**

v.

**U.S. IMMIGRATION & NATURALIZATION, SERVICE, Respondent.**

**No. 88–1395.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1989.

Decided Aug. 28, 1989.

Harnam Singh Arneja, for petitioner.

Karen Louise Fletcher (John R. Bolton, Asst. Atty. Gen., Civ. Div., Mark C. Walters, Asst. Dir., Marshall Tamor Golding, Washington, D.C., Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, on brief), for Respondent.

Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

This case presents the question of whether petitioner is entitled under 8 U.S.C. § 1182(h) to relief from an order of deportation. The petitioner, Amrik Singh Mehli, has offered numerous arguments in favor of the availability of § 1182(h) relief, including a claim that the denial of relief was unconstitutional. However, because we find that Melhi fails to qualify for consideration under the plain language of the statute, we need not reach the constitutional question.

I

Amrik Singh Melhi is a 34 year old Indian citizen who entered the United States in 1981. The Board found, and there is substantial evidence to support its finding, that in 1981 Melhi paid $500 to a woman, who was a United States citizen and an admitted prostitute, to marry him. As a result of this marriage and various other misrepresentations, Melhi was able to obtain a permanent immigrant visa in the summer of 1983. The record also reveals that, at about the same time, Melhi became involved in a larger conspiracy to arrange fraudulent marriages for aliens seeking permanent visas. In November, 1983, about five months after receiving his permanent visa, Melhi obtained a divorce from his United States citizen wife. He immediately returned to India, and, in February, 1984, married an Indian woman, who is his present wife. The couple returned to the United States, and Melhi's new wife received permanent alien status through the application of Melhi. She gave birth to their first child in Virginia in 1985.

The legal history of this proceeding began in 1984, when Melhi was implicated in a federal investigation into the arrangement of sham marriages among Indian and American citizens. Melhi confessed his participation in the scheme and pled guilty on July 9, 1985, in the Eastern District of North Carolina to participation in a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 1546 by accepting and receiving immigration entry documents by means of a false statement. The court sentenced Melhi to five years in prison, but declared him immediately available for parole, probably anticipating deportation. In April, 1986, the INS notified Melhi of a hearing regarding possible deportation. The hearing, held on February 11, 1987, ordered deportation based on 8 U.S.C. § 1251(a)(4), which allows deportation of a person "convicted of a crime involving moral turpitude committed within five years after entry," and who, as a result, is sentenced to a year or more in prison. Melhi sought relief from the deportation order under 8 U.S.C. § 1182(h), which provides:

Any alien, who is excludable from the United States under paragraph (9), (10), or (12) of subsection (a) of this section or paragraph (23) of such subsection as such paragraph relates to a single of-

fense of simple possession of 30 grams or less of marihuana, who (A) is the spouse or child, including a minor unmarried adopted child, of a United States citizen, or of an alien lawfully admitted for permanent residence, or (B) has a son or daughter who is a United States citizen or an alien lawfully admitted for permanent residence, shall, if otherwise admissible, be issued a visa and admitted to the United States for permanent residence (1) if it shall be established to the satisfaction of the Attorney General that (A) the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, or son or daughter of such alien, and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States; and (2) if the Attorney General, in his discretion, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States.

The motion was denied, and the Board of Immigration Appeals affirmed. A subsequent petition by Melhi to reopen or reconsider the case was also denied by the Board.

## II

The issue is whether the Board correctly affirmed the immigration judge's denial of petitioner's application for relief under § 1182(h). Melhi satisfies the two threshold requirements of the statute; he was ordered deported based on a conviction within the scope of § 1182(a)(9), and he has an American citizen child and permanent resident spouse. However, the statute also requires that Melhi be "otherwise admissible" before he is entitled to formal consideration for relief under § 1182(h).

Melhi is not "otherwise admissible" as an alien. As the Board found, he originally obtained permanent residence, according to his own admission, by engaging in a sham marriage. This finding of fact is well supported by the record. And, contrary to the petitioner's argument, the finding need not derive from a criminal conviction. The statute simply provides for the denial of a visa to an alien "who, by fraud or by willfully misrepresenting a material fact, seeks to procure, or has sought to procure or has procured, a visa, other documentation, or entry into the United States." 8 U.S.C. § 1182(a)(19).

Although § 1182(h) operates to ameliorate some of the harshness of the provisions regarding deportation, it does not provide relief in every circumstance where a petitioner might have a permanent resident or citizen spouse or child. This case is a particularly good example of the conditions under which the statute does not allow relief. Petitioner's original procurement of a permanent immigration visa was the result of fraud, so Melhi has never been legally admissible. He may not build a claim of admissibility on the status of his present wife and child because their status was obtained as a direct result of his fraudulent acts against the immigration laws.[1] To allow relief in such a circumstance would convert § 1182(h) into a possible exemption for unlimited wrongs, including those related to marriage and other acts of fraud against the immigration laws. Such a construction of the statute would render its specific requirement that an alien be "otherwise admissible" meaningless. Petitioner has not cited any case which supports such an expansive view of § 1182(h). In sum, the petitioner is not "otherwise admissible" under § 1182(h) because, in addition to his conspiracy conviction under 18 U.S.C. § 371, he engaged in a sham marriage, which is also a ground for exclusion under § 1182(a)(19).

We find no merit to the petitioner's other exceptions. We deny the motions of both petitioner and respondent to supplement the record, and we deny petitioner's motion

---

1. The Court expresses no opinion on the status of the child and wife except to the extent that Mehli has claimed a benefit deriving from his relationship with them. As we have held, Mehli may not do so because his previous fraud has made him "otherwise inadmissible".

to remand and respondent's motion to require petitioner to file a petition for review.

AFFIRMED.